**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, on behalf of himself
and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

―――――――――――――――――――――X
                                                             :
SANTIAGO PENA, on behalf of himself and all   :
others similarly situated,                                :
                                                             :
            Plaintiff,                             : Civil Action No.
                                                             :
vs.                                                          : **CLASS ACTION COMPLAINT AND**
                                                             : **JURY TRIAL DEMAND**
ACCOUNT CONTROL TECHNOLOGY, INC.   :
                                                             :
            Defendant.                        :
                                                             :
―――――――――――――――――――――X

Plaintiff SANTIAGO PENA, on behalf of himself and all others similarly situated (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges against the above-named Defendant ACCOUNT CONTROL TECHNOLOGY, INC., its employees, agents, and successors, the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for actual and statutory damages and declaratory relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the

Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief Defendant ACCOUNT CONTROL

TECHNOLOGY, INC. ("ACT" or "Defendant") is a corporation organized under the laws of the State of California with its principal place of business located at 21700 Oxnard Street, Suite 1400, Woodland Hills, CA 91367.

9. Upon information and belief, defendant is a company or business that uses the mail, telephone, and facsimile and regularly engage in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from Defendant which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class initially consists of:

- All New Jersey consumers who were sent a letter by or on behalf of Defendant concerning a debt owed to the U.S. Department of Education:

    (a) which contained the same or substantially similar language: " Our staff is trained to discuss all available options for repayment of your debt."

    (b) Which contained the same or substantially similar language on the back of the letter:

    "Because your credit agreement may require you to pay interest on the outstanding portion of your balance, as well as late charges and costs of recovery, which vary from day to day, as you agreed in your credit agreement, the amount required to pay your account in full on the day

3

>    you send payment may be greater than the amount stated here." and/or
>
>    (c) Which attempted to collect fees and costs which were in excess of what Defendant was entitled to collect.

- The Class period begins one year prior to the filing of the Original Complaint.

12.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A**)**,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA, including, but not limited to: 15 U.S.C. §§1692e, 1692f and 1692g, and subsections therein;

b. Whether Defendant misrepresented the amount of the alleged debt;

c. Whether Defendant demanded an amount owed that was greater than the actual balance due;

d. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

e. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

f. Whether Plaintiff and the Class are entitled to declaratory relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and have retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no

unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14. Prior to March 2, 2017, Plaintiff allegedly incurred a financial obligation to the U.S. Department of Education. ("the Student Loan")

15. The Student Loan obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for

personal, family or household purposes.

16. The alleged Student Loan is a "debt" as defined by 15 U.S.C. § 1692a(5).

17. The U.S Department of Education is a "creditor" as defined by 15 U.S.C. § 1692a(4).

18. At some time prior to March 2, 2017, the Student Loan obligation became past due.

19. On or about March 2, 2017, Defendant sent Plaintiff a collection letter indicating a Total Balance of $6,005.75.  See, attached Exhibit A.

20. At some time prior to March 2, 2017, the Student Loan obligation was in default and was referred to Defendant for collection.

21. The March 2, 2017 collection letter states, "Our staff is trained to discuss all available options for **repayment** of your debt.   (emphasis added).

22. The language in the March 2, 2017 collection letter is misleading since it implies that the only option with respect to the Student Debt is "repayment" of the debt.

23.  However, in fact, under Federal Law, there were several other potential options available to Plaintiff other than "repayment", which Defendant failed to mention, including:  1) rehabilitation; 2) deferment; 3) consolidation; 4) refinancing; and 5) forgiveness.

24. The reverse side of the March 2, 2017 letter does inform Plaintiff, however, that if he were in the military, he may qualify for a lower interest rate and reduction in collection fees.

25. Defendant's failure to mention these other options to Plaintiff, and to only inform Plaintiff of loan "repayment" is misleading, false and deceptive.

26. Additionally, the March 2, 2017 letter also lists a principal balance of $3,694.13, Interest of $1,135.97, Fees and Costs of $1,175.65 for a total balance of $6,005.75.

27. The amount of fees and costs of $1,175.65 were in excess of what Defendant was entitled to collect under the student loan agreement or applicable law.

28. Based upon information and belief, interest, late fees, and/or other charges are, and were, accruing daily on the alleged debt.

29. The Seventh Circuit in Miller v. McCalla, Raymer, Patrick, Cobb, Nichols & Clark, LLC, 214 F.3d 872 (7th Cir. 2000) sets forth a requirement of a debt collector to notify consumer that the amount of the debt is increasing due to interest, late fees, or other charges "in cases like this where the amount varies from day to day. Id. at 876.

30. On the bottom of the reverse side of the March 2, 2017 letter is the following language:

> As of the date of this letter, you owe the amount stated on the reverse side of this letter. Because your credit agreement may require you to pay interest on the outstanding portion of your balance, as well as late charges and costs of recovery, which vary from day to day, as you agreed in your credit agreement, the amount required to pay your account in full on the day you send payment may be greater than the amount stated here. If you pay the amount stated here, an adjustment may be necessary after we receive payment. In that event, we will notify you of any adjustment in your balance. We encourage you to call prior to making a payment intended to pay your account in full.

("the Interest Accruing Notice")

31. The FDCPA gives consumers a statutory right to receive certain information, including an accurate statement regarding, the amount owed on a debt, which Plaintiff was deprived of by the Defendant's failure to comply with the statute.

32. Defendant's providing of the Interest Accruing Notice on the back of the

side of the collection letter, at the bottom of the letter, in a smaller font, and below certain state specific notices, which were all in capitals, was not an effective way of providing notice of accruing interest under the FDCPA.

33. Furthermore, the specific language used in the Interest Accruing Notice implies that only late charges and costs of recovery, but not interest, will may vary day to day, when in fact, interest is also accruing day by day.

34. The March 2, 2017 collection letter was sent to Plaintiff in connection with the collection of the Student Loan.

35. The March 2, 2017 collection letter was a "communication" as defined by 15 U.S.C. §1692a(2).

36. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

37. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

38. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

39. Defendant violated Plaintiff's right to a trustful and fair debt collection process.

40. Under the FDCPA, Plaintiff had the right to receive certain information from Defendant.

41. Plaintiff had the right to receive from Defendant accurate information as to amount of the debt.

42. Defendant's collection letter caused Plaintiff a concrete injury in that

Plaintiff was deprived of his right to receive accurate and trustworthy information as to the debt he allegedly owed.

43. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

44. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or his right to enjoy these benefits.

45. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

46. Plaintiff's receipt of a collection letter which wrongly assessed costs, fees and/or interest constitutes a concrete injury.

47. The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

48. Defendant's failure to provide accurate information injured Plaintiff in that it impacted his ability to decide on how to proceed with respect to the matter – will he hire an attorney, represent himself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

49. Defendant's providing of incorrect and inflated debt information may have

a negative impact on Plaintiff's credit score, can impact his ability to get credit, and can subject him to higher borrowing cost in the future.

50. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

51. Defendant sent collection letters to numerous New Jersey consumers that included a demand for an amount that was greater than the amount actually due at the time the collection letters were sent.

52. Defendant sent collection letters to numerous New Jersey consumers that included a demand for an amount that included a collection fee, interest or other fee that it was not entitled to.

53. Defendant sent collection letters to numerous New Jersey consumers that failed to effectively convey that interest and/or collection fees and costs where continuing to accrue.

54. Defendant sent collection letters to numerous New Jersey consumers in which the initial communication only offered the Plaintiff any option of repayment, but failed to also offer other options available to Plaintiff.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

55. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

56. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

57. By sending collection letters, the same as or substantially similar to the March 3, 2017, Defendant violated several provisions of the FDCPA, including, but not limited:

A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B. 15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C. 15 U.S.C. §1692e(2)(B), by falsely representing any compensation which may lawfully be received by a debt collector for the collection of a debt;

D. 15 U.S.C. § 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken;

E. 15 U.S.C. § 1692e(10) of the FDCPA by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

F. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt;

G. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law;

H. 15 U.S.C. §1692g by failing to abide by Plaintiff's rights to debt validation;

I. 15 U.S.C. §1692g(a)(1) by failing to accurately identify the amount of the debt allegedly owed.

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq. as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
         March 2, 2018

Respectfully submitted,

By: s/ Lawrence C. Hersh
    Lawrence C. Hersh, Esq.
    17 Sylvan Street, Suite 102B
    Rutherford, NJ  07070
    (201) 507-6300

*Attorney for Plaintiff*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: March 2, 2018           By: s/ Lawrence C. Hersh
                                   Lawrence C. Hersh, Esq

EXHIBIT A



5531 Business Park South, Ste 100
PO Box 11750
Dept. 3987311 – 18A
Bakersfield, CA 93389-1750

**ACCOUNT IDENTIFICATION**

Client: U S DEPARTMENT OF EDUCATION

| | |
|---|---|
| Principal Balance | :$ 3,694.13 |
| Interest | :$ 1,135.97 |
| Penalty Charges | :$ 0.00 |
| Fees & Costs | :$ 1,175.65 |
| Total Balance | :$ 6,005.75 |

Account No: ▇▇▇3253

SANTIAGO PENA

March 2, 2017

### Offer of Assistance

This letter is to notify you that the U.S. Department of Education (ED) has referred your account to Account Control Technology, Inc. (ACT) for collection of your defaulted student debt. At this time, ED has indicated your entire balance as indicated above is due and payable. We do recognize that many individuals may not be in the position to pay the full balance in one payment. Therefore, ACT is committed to providing assistance to you in determining the best resolution to your obligation. Our staff is trained to discuss all available options for repayment of your debt. Please telephone one of our Customer Support Staff, for assistance at this toll free telephone number

**1-844-840-5217.**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**THIS HAS BEEN SENT TO YOU BY A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

SEE THE REVERSE SIDE OF THIS LETTER FOR IMPORTANT INFORMATION.

---

PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT    ATD18A-0302-840967225-04650-4650

DEPT 587   7972339517038
PO BOX 4115
CONCORD CA 94524

ADDRESS SERVICE REQUESTED

#BWNFTZF #ATD7972339517038#



SANTIAGO PENA

| ACCOUNT NO. | PRINCIPAL BAL | INTEREST |
|---|---|---|
| ▇▇▇3253 | $3,694.13 | $1,135.97 |
| PENALTY CHARGES | FEES & COSTS | TOTAL BALANCE |
| $0.00 | $1,175.65 | $6,005.75 |
| | AMOUNT PAID | $ |

DO NOT SEND CASH
MAKE CHECKS PAYABLE TO: **U.S. DEPARTMENT OF EDUCATION**
WRITE THE ACCOUNT NUMBER SHOWN ABOVE ON YOUR CHECK
RETURN THIS PORTION WITH YOUR PAYMENT
NOTE: NAME/ADDRESS/PHONE NO. CHANGES ON BACK

SEND PAYMENT TO:

National Payment Center
P.O. Box 105028
Atlanta, GA 30348-5028

4

ONE OF THE NOTICES BELOW MAY APPLY TO YOU. PLEASE REVIEW THE FOLLOWING INFORMATION.

**FOR MILITARY PERSONNEL**
IF YOU ARE CURRENTLY SERVING ACTIVE DUTY OR HAVE SERVED IN THE UNIFORMED SERVICES WITHIN THE PRIOR 180 DAYS, YOU MAY QUALIFY FOR A LOWER INTEREST RATE AND REDUCTION IN COLLECTION FEES THROUGH THE SERVICEMEMBERS CIVIL RELIEF ACT (SCRA). TO OBTAIN MORE INFORMATION, PLEASE CONTACT OUR OFFICE OR ON-LINE AT WWW.STUDENTAID.ED.GOV.

**COLORADO** - A CONSUMER HAS THE RIGHT TO REQUEST IN WRITING THAT A DEBT COLLECTOR OR COLLECTION AGENCY CEASE FURTHER COMMUNICATION WITH THE CONSUMER. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT THE DEBT COLLECTOR OR COLLECTION AGENCY FROM TAKING ANY OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT.

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE: www.coag.gov/car
ACT'S COLORADO OFFICE LOCATION:
COLORADO MANAGER, INC.
BUILDING B
80 GARDEN CENTER, SUITE 3
BROOMFIELD, CO 80020
(303) 920-4763

**KANSAS** - AN INVESTIGATIVE CONSUMER REPORT, WHICH INCLUDES INFORMATION AS TO YOUR CHARACTER, GENERAL REPUTATION, PERSONAL CHARACTERISTICS AND MODE OF LIVING, HAS BEEN REQUESTED. YOU HAVE THE RIGHT TO REQUEST ADDITIONAL INFORMATION, WHICH INCLUDES THE NATURE AND SCOPE OF THE INVESTIGATION.

**MASSACHUSETTS** - NOTICE OF IMPORTANT RIGHTS YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO COLLECTION AGENCY.

**MINNESOTA** - THIS AGENCY IS LICENSED BY MINNESOTA DEPARTMENT OF COMMERCE.

**NORTH CAROLINA** - NC PERMIT NO. 3762.

**TENNESSEE** - THIS AGENCY IS LICENSED BY THE COLLECTION SERVICE BOARD OF THE DEPARTMENT OF COMMERCE AND INSURANCE OF THE STATE OF TENNESSEE.

**WISCONSIN** - THIS COLLECTION AGENCY IS LICENSED BY THE DIVISION OF BANKING IN THE WISCONSIN DEPARTMENT OF FINANCIAL INSTITUTIONS, www.wdfi.org.

NORMAL BUSINESS HOURS FOR ACCOUNT CONTROL TECHNOLOGY, INC. IN EACH OF THEIR BUSINESS LOCATIONS ARE 8:00A.M. TO 5:30 P.M. LOCAL TIME MONDAY THROUGH FRIDAY.

As of the date of this letter, you owe the amount stated on the reverse side of this letter. Because your credit agreement may require you to pay interest on the outstanding portion of your balance, as well as late charges and costs of recovery, which vary from day to day, as you agreed in your credit agreement, the amount required to pay your account in full on the day you send payment may be greater than the amount stated here. If you pay the amount stated here, an adjustment may be necessary after we receive your payment. In that event, we will notify you of any adjustment in your balance. We encourage you to call prior to making a payment intended to pay your account in full.

---

## NOTE CHANGES ONLY

FIRST NAME [              ]     MI [ ]
LAST NAME [              ]
ADDRESS [              ]
        [              ]
CITY [              ]     HOME PHONE [   ]-[   ]-[    ]
STATE [  ]  ZIP [     ]-[    ]   WORK PHONE [   ]-[   ]-[    ]

ATD18A-0302-840967225-04650-4650